UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATHALIE GONZALEZ,<br><br>       **Plaintiff,**<br><br>v.<br><br>BUSY PLACE EARLY LEARNING CENTER and MARIA A. MOREIRA,<br><br>       **Defendants.** | Civ. No. 14-6379 (KM)<br><br>OPINION |

**MCNULTY, U.S.D.J.:**

  This matter comes before the Court on the motion of the defendants, Busy Place Early Learning Center, Inc. ("Busy Place") and Maria Moreira, to dismiss the complaint pursuant to FED. R. CIV. P. 12(b)(6) and 12(b)(1). (Dkt. No. 6) Defendants also request attorneys' fees under FED. R. CIV. P. 11. For the reasons set forth below, I will deny both portions of the defendants' motion.

## I. BACKGROUND

  The plaintiff, Nathalie Gonzalez, filed the complaint on October 15, 2014. She alleges discrimination by her former employer, Busy Place, and Maria Moreira, owner and Executive Director of Busy Place.[1] (Dkt. No. 1) The complaint asserts federal-law claims of discrimination, failure to accommodate, and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA"). It asserts a state statutory claim under the New Jersey Law Against Discrimination ("NJLAD"). Finally, it alleges

---

[1] Before filing the complaint, plaintiff received a Dismissal and Notice of Rights from the Equal Employment Opportunity Commission ("EEOC"), dated September 11, 2014. (Dkt. No. 1 ¶ 6)

1

state common law claims of breach of contract and breach of the covenant of good faith and fair dealing.

Gonzalez began working at Busy Place, a childcare and preschool education center, around November 2013 in a position as a family worker. (Dkt. No. 1 ¶ 16)[2] Her employment contract provided for thirteen sick days and three personal days. (Dkt. No. 1 ¶ 32)

Around December 2013, Gonzalez learned that she was pregnant. (Dkt. No. 1 ¶ 24) At some point, she informed Moreira as well as the Assistant Director of Busy Place, Catherine Thurston, that she was pregnant and that her due date was July 27, 2014. (Dkt. No. 1 ¶¶ 22, 25-26) Gonzalez alleges that she asked Moreira about Busy Place's maternity leave policy and received a dismissive response. (Dkt. No. 1 ¶ 28) Once Gonzalez's pregnancy became physically obvious, Moreira allegedly switched plaintiff's duties from working with preschool children to working with infants, and began criticizing her performance. (Dkt. No. 1 ¶¶ 29-30)

On April 8, 2014, Gonzalez had a routine ultrasound and learned that her baby had died. (Dkt. No. 1 ¶¶ 36-37) She alleges that the medical consequences of having the deceased fetus in her womb constituted a disability under the ADA and NJLAD. (Dkt. No. 1 ¶ 39) Gonzalez's doctor informed her that she would require certain medical procedures and that she would need time off from work to recover. (Dkt. No. 1 ¶¶ 40-41)

Following the ultrasound, Gonzalez returned to Busy Place and provided Moreira and Thurston with a note from her doctor excusing her from work until April 11, 2014. (Dkt. No. 1 ¶ 42) Gonzalez alleges that Moreira told her that the note was unclear and requested more information; when Gonzalez objected, Moreira instructed Thurston to call plaintiff's doctor. (Dkt. No. 1 ¶¶ 45-47) The

---

[2] For purposes of a motion to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6)—but only for those purposes—I am required to accept the allegations of the complaint as true.

2

complaint alleges that when Gonzalez objected further, Moreira replied that the note was fake, stated that she would ascertain Gonzalez's medical condition on her own, and physically intimidated Gonzalez. (Dkt. No. 1 ¶¶ 50-52) According to the complaint, Thurston called Gonzalez's doctor on April 8, 2014, but the office was closed. (Dkt. No. 1 ¶ 53) Thurston allegedly called the doctor again the following day and was told that plaintiff's note was legitimate and that the leave was extended until April 14, 2014, which the office confirmed by facsimile. (Dkt. No. 1 ¶¶ 55-56)

Gonzalez had a medical procedure performed on April 10 and another on April 11, 2014. (Dkt. No. 1 ¶¶ 58-59) On April 11, her doctor sent a note to Busy Place extending plaintiff's time to return to work until April 21, 2014. (Dkt. No. 1 ¶ 60) The complaint alleges that Gonzalez's father requested that Moreira sign disability forms for plaintiff and that Moreira refused. (Dkt. No. 1 ¶¶ 62-63) By letter dated April 18, 2014, the defendants terminated Gonzalez's employment. (Dkt. No. 1 ¶ 64)

In summary, the complaint alleges that the defendants discriminated against Gonzalez based on her pregnancy and disability in violation of state and federal law. She alleges that defendants failed to provide her with a reasonable accommodation when they denied her leave. She also alleges that defendants retaliated against her for seeking a reasonable accommodation when they refused to sign disability papers and terminated her employment. Finally, plaintiff alleges that defendants breached her employment contract when they terminated her employment and disallowed her use of sick or personal days.

On November 21, 2014, the defendants filed this motion to dismiss the complaint under FED. R. CIV. P. 12(b)(6) and 12(b)(1), and to award attorneys'

fees under FED. R. CIV. P. 11.[3]

## II. DISCUSSION

### a. Federal Law Claims

Defendants argue that plaintiff's federal law claims (Counts 1, 2, 5, 6, 15, 16) should be dismissed for failure to state a claim under FED. R. CIV. P. 12(b)(6). Defendants assert that Busy Place does not employ fifteen or more people, and therefore, is not covered by Title VII or the ADA. Defendants rest their argument on the numerosity element of plaintiff's claims and do not otherwise challenge the sufficiency of plaintiff's allegations.

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n.9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

Federal Rule of Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).

---

[3] On December 22, 2014, the plaintiff filed a motion for taxation of costs for service of the complaint and related attorneys' fees (Dkt. No. 10), which was granted by Magistrate Judge Hammer on July 16, 2015. (Dkt. No. 14)

4

That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' ... it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

Title VII and the ADA prohibit discrimination by an employer. *See* 42 U.S.C. § 2000e-2(a)(1)("It shall be an unlawful employment practice for an employer ... to discharge any individual or otherwise to discriminate ... because of such individual's race, color, religion, sex,[4] or national origin....")(Title VII); 42 U.S.C. § 12112(a)("No covered entity[5] shall discriminate against a qualified individual with a disability because of the disability....")(ADA). Both statutes define an employer as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b); 42 U.S.C. § 12111(5)(A). Thus, a required element of a claim under either Title VII or the ADA is that the employer has fifteen or more employees during the requisite time period. (Undoubtedly, a plaintiff must also adequately allege the other elements of its claim, but for the purposes of defendants' motion, only the threshold numerosity requirement is at issue here.)

The law is clear that for both Title VII and the ADA, the fifteen employee threshold is a substantive element of the discrimination claim, and whether it has been adequately alleged should be assessed under Rule 12(b)(6). *See Arbaugh v. Y & H Corp.*, 516 U.S. 500, 516 (2006)("[W]e hold that the threshold number of employees for application of Title VII is an element of plaintiff's claim

---

[4]   42 U.S.C. § 2000e(k) states: "The terms 'because of sex' or 'on the basis of sex' include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions...."

[5]   "Covered entity" is defined as "an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12111(2).

5

for relief, not a jurisdictional issue."); *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77, 89 (3d Cir. 2003)(finding the numerosity requirements under Title VII and the ADA "indistinguishable" and holding that "whether an entity employs fifteen or more workers is a merits question").

However, to survive a 12(b)(6) motion, Gonzalez need not *prove* that Busy Place has the requisite number of employees. A complaint need only *allege* facts that, if accepted as true (which the court must at this juncture), entitle the plaintiff to relief. This complaint unequivocally alleges that Busy Place employed fifteen or more people:

> 11. Busy Place employs fifteen (15) or more employees for each working day in each twenty or more calendar weeks in the current or preceding calendar year.

(Dkt. No. 1 ¶ 11)

That allegation, although it is keyed to the statutory language, is factual, and not merely a legal conclusion. Such an allegation is sufficient to withstand a Rule 12(b)(6) motion as to the numerosity element. *See, e.g., Simon v. Shore Cab, LLC*, No. 13-cv-6290, 2014 WL 2777103, at *4 (D.N.J. June 19, 2014)(certification that defendant did not employ fifteen employees was insufficient to prevail on 12(b)(6) motion because plaintiffs "unambiguously allege[d]" that defendant employed more than fifteen employees and was "entitled to have reasonable factual inferences from his pleadings drawn in his favor"); *Gustovich v. St. Clair Hosp., Inc.*, No. 07-cv-1670, 2008 WL 1840747, at *1 (W.D. Pa. Apr. 23, 2008)("The complaint adequately alleges that [defendant] is an 'employer' subject to Title VII. That allegation must be taken as true for the purpose of ruling on a motion to dismiss."); *Shomo v. Mugar Enterprises, Inc.*, No. 07-cv-154, 2009 WL 3181936, at *5 (D.V.I. Sept. 28, 2009)(plaintiff's allegations that defendant was a Title VII employer with at least fifteen employees were enough to defeat a 12(b)(6) motion on the issue).

The complaint alleges that the defendant had at least fifteen employees;

6

the defendant denies it. It is fundamental that such factual disputes must await summary judgment or trial. The parties, however, seem to have jumped the gun on summary judgment. Their papers argue the factual merits as to the number of employees at Busy Place, and the parties dispute whether employees of an entity named Busy Place Too, Inc. ("Busy Place Too"), run by defendant Moreira's daughter out of the same location, should be included in the total. Both sides submit affidavits and exhibits in support of their assertions about the tallying of employees.[6] It may be that one or both parties mistake the numerosity requirement for an issue of subject matter jurisdiction (as to which a court may accept evidence). (*See, e.g.,* Dkt. No. 6 (notice of motion to dismiss the complaint under both Rules 12(b)(1) and (b)(6).) As explained above, however, it is not. *See* pp. 5–6, *supra.*

I will follow the usual course of declining to consider affidavits and exhibits on a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Jordan v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1250, 1261 (3d Cir.1994) ("In determining whether a claim should be dismissed under Rule 12(b)(6), a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record.") I will not exercise my discretion to

---

[6] By way of illustration, I will describe some of the documents attached to the parties' papers even though I exclude them for purposes of resolving the motion: a certification of defendant Moreira stating (among other things) that Busy Place never employed fifteen or more employees during the relevant time period (Dkt. No. 6-1); WR-30 documentation, apparently listing individuals on Busy Place's payroll. (Dkt. No. 6-1)(Exhibit A); a declaration of plaintiff Nathalie Gonzalez, indicating that to her recollection, Busy Place employed at least eighteen people (Dkt. No. 9-3); a chart listing nineteen individuals' contact information, which according to plaintiff, is a chart of employees she received at Busy Place (Dkt. No. 9-4); a second certification of Moreira stating that Gonzalez's list of Busy Place employees incorrectly included employees of Busy Place Too (Dkt. No. 11-1); a letter from accountant MIEM Financial Services, LLC, stating that Busy Place employs only fourteen employees (Dkt. No. 11-1)(Exhibit A); a certification from Clarissa Cartagena, defendant Moreira's daughter and owner of Busy Place Too, stating (among other things) that during the relevant time period, Busy Place Too operated separately from Busy Place and asserting that the chart attached to the Gonzalez declaration (Dkt. No. 9-4) was not in use during the relevant time period (Dkt. No. 11-2); various documentation relating to the licensing and operation of Busy Place Too. (Dkt. No. 11-2) (Exhibits A, B, C)

7

convert the motion to one for summary judgment. *See* FED. R. CIV. P. 12(d)(if on a 12(b)(6) motion, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.") Such a motion would be premature; I will entertain summary judgment motions in the usual course, after discovery is complete. In any event, the parties' clashing affidavits at this stage would be unlikely to produce a dispositive order that would shorten the case.

The complaint sufficiently alleges the numerosity element of Gonzalez's federal claims. The motion to dismiss the complaint is therefore denied insofar as it is directed to the federal claims.

### b. State Law Claims

Defendants also ask the Court to dismiss plaintiff's state law claims (Counts 3, 4, 7-14) for lack of subject matter jurisdiction, pursuant to FED. R. CIV. P. 12(b)(1).

The complaint invokes the Court's federal question jurisdiction under 28 U.S.C. § 1331, based on the Title VII and ADA claims. Under 28 U.S.C. § 1367(a), where a district court has original jurisdiction over a civil action, it may exercise supplemental jurisdiction over a claim that is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Pursuant to subsection (c), a court "may decline to exercise supplemental jurisdiction over a claim under subsection (a), if ... the district court has dismissed all claims over which it had original jurisdiction."

The defendants argue that, because the federal law claims should be dismissed, there is no basis for supplemental jurisdiction over the state law claims. I have, however, denied the motion to dismiss plaintiff's federal law claims. The motion to dismiss the plaintiff's state law claims is therefore denied as well.

8

### c. Request for Legal Fees

Finally, defendants request attorneys' fees under FED. R. CIV. P. 11 because Gonzalez's federal law claims are "frivolous." Defendants argue that they served notice that Busy Place is not an employer under Title VII or the ADA, but that Gonzalez refused to voluntarily withdraw the complaint. Defendants request reimbursement in the amount of $5,215 for the costs of bringing this motion to dismiss. (Dkt. No. 11 p. 8)

The Third Circuit has authorized such sanctions only in the "'exceptional circumstance' ... where a claim or motion is patently unmeritorious or frivolous." *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir.1988) (quoting *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 483 (3d Cir.1987)); *see also Morristown Daily Record, Inc. v. Graphic Comm's Union Local 8N*, 832 F.2d 31, 32 n.1 (3d Cir.1987) ("Rule 11 is not to be used routinely when the parties disagree about the correct resolution of a matter in litigation."). And even where such exceptional circumstances exist, the court is merely authorized, not required, to impose sanctions. *Bensalem Twp. v. Int'l Surplus Lines Ins. Co.*, 38 F.3d 1303, 1314 (3d Cir.1994) (citing *Doering*, 857 F.2d at 194).

I have not found Gonzalez's complaint to be worthy of dismissal. Still less can I find it to be vexatious or frivolous—although the truth of its allegations remain, of course, untested. I will deny the motion for an award of attorneys' fees.

## III. CONCLUSION

For the foregoing reasons, the defendants' motion is denied. A written order will be entered separately.

                                              **KEVIN MCNULTY**
                                            **United States District Judge**

Dated: September 25, 2015